UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81277-CIV-MIDDLEBROOKS/WHITE
(04-80147-CR-MIDDLEBROOKS)

JUAN RAMON QUINONES,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING REPORT & RECOMMENDATION (DE 22)

THIS CAUSE comes before the Court upon Juan Ramon Quinones' ("Quinones" or "Movant") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion") (DE 1), filed on November 1, 2010. I have reviewed the record and am advised in the premises.

On January 24, 2005, following his arrest in connection with a cocaine sting that took place in Palm Beach County in October 2004, Movant pled guilty to a series of narcotics and firearm offenses, including: (1) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); (2) possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c); (3) possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (4) possession of unregistered firearms in violation of 26 U.S.C. §§ 5861(d) and 5871. (Cr-DE 36). On April 13, 2005, the Court sentenced Movant to 262 months imprisonment followed by six years of supervised release. (Cr-DE 39, 40). Movant's sentence was due, in part, to his classification as an armed career criminal, which the Court determined was appropriate based on three crimes of violence and/or serious drug offenses in Movant's criminal history. (PSI ¶ 28).

Quinones did not directly appeal his conviction and sentence. However, on January 31, 2008,

Movant filed a § 2255 motion wherein he alleged, *inter alia*, that the failure to perfect a direct appeal was the result of ineffective assistance of counsel. (Case No. 08-80139-CIV-DMM, DE 1 at 3). Following an evidentiary hearing on Movant's claim, it was determined that, at the very least, Movant *thought* that he had asked his counsel to file a direct appeal, which counsel failed to do, and a re-sentencing hearing was ordered to redress the possible constitutional violation. (*Id.*, DE 45 at 13-14; DE 46 at 3). The Court appointed Michael Cohen, Esq. ("Counsel") to represent Movant in connection with Movant's re-sentencing hearing. (Cr-DE 47).

Counsel's advocacy in connection with this re-sentencing proceeding was extensive and ultimately persuasive. In objections to the re-sentencing PSI, Counsel argued for a downward variance. (Cr-DE 54 at 1). In particular, Counsel argued that Movant did not qualify as an armed career offender because two of the three predicate felony offenses supporting the enhancement were part of a single criminal episode. (*Id.* at 1-2). Movant's re-sentencing hearing was held on October 29, 2009. At the hearing, Counsel reiterated the position raised in his written objections and, additionally, addressed the Court to his client's acceptance of responsibility, concentrated rehabilitative efforts, and substantial assistance to the Government. (Cr-DE 59 at 17-18). Based on Counsel's arguments, the Court determined that two of Movant's predicate felonies should be counted as a single criminal episode and, accordingly, that the armed career criminal enhancement no longer applied. (*Id.* at 21-22). The Court also concluded that Movant's criminal history category of VI over-represented Movant's criminal history and opted to apply a criminal history category of III. (*Id.* at 22). Finally, the Court agreed to consider Movant's rehabilitation in evaluating the dangerousness of the defendant. (*Id.*). The Movant was ultimately resentenced to a term of imprisonment of 195 months, followed by six years of supervised release, 67 months less than he received previously. (*Id.* at 23-24).

The Clerk of Court entered judgment against Quinones on October 30, 2009. (Cr-DE 58).

Thereafter, once again, no direct appeal ensued. Instead, Quinones opted to once again collaterally attack his sentence through a § 2255 motion. Quinones' § 2255 motion, broadly speaking, states three claims. *First*, he argues that his Counsel was ineffective for, *inter alia*, failing to file a direct appeal and to raise all possible mitigation evidence and argument at re-sentencing. (DE 1 at 4-5). *Second*, Quinones maintains that he was denied substantive and procedural due process insofar as the sentencing court failed to consider his various grounds for departure or variance. (*Id.* at 6). *Third*, Quinones submits that the Government breached the plea agreement by failing to move for a downward departure based on Movant's substantial assistance. (*Id.*).

Judge White has reviewed Quinones' Motion (DE 1), the Government's Response and exhibits (DE 10), the Pre-sentence Investigation Report (PSI), and relevant portions of the criminal record, and has issued a Report & Recommendation ("R&R") (DE 22) advising denial of Quinones' Motion. (DE 22 at 33). According to Judge White, denial of Quinones' Motion is proper because (a) there is no evidence to suggest that Counsel refused to file a direct appeal over Movant's request, let alone a properly-styled allegation to that effect; (b) Movant's allegations of ineffective assistance are contradicted by the record, especially considering Counsel's success in advocating for the removal of the armed career criminal enhancement; (c) Movant's allegations of sentencing court error are procedurally-barred and, in any event, waived by virtue of Movant's knowing and voluntary guilty plea; and (d) any suggestion of breach of the plea agreement is expressly contradicted by the language of the agreement, which provides that the Government retains plenary discretion over the decision of whether or not to file a substantial assistance motion. (DE 22 at 20-32). No objections to Judge White's R&R have been received, even though more than two months have passed since the R&R issued.

Having reviewed Judge White's R&R, and after a thorough, *de novo* review of Mr. Quinones' file, I agree that Movant's Motion to Vacate should be denied for the reasons articulated by Judge

White. As set forth in fuller detail in Judge White's R&R, the record amply demonstrates the Counsel's representation of Quinones in connection with his re-sentencing was vigorous and well within the wide objective range of reasonableness contemplated by the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). Movant's claims of sentencing error and breach of the plea agreement, meanwhile, are both procedurally-barred and squarely contradicted by the record.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Magistrate Judge White's R&R (DE 22) is **RATIFIED, ADOPTED, AND APPROVED** in its entirety. It is further

**ORDERED AND ADJUDGED** that Juan Ramos Quinones' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (DE 1) is **DENIED**. The Clerk of Court is instructed to **CLOSE THIS CASE**. Movant's pending motions for extension of time (DE 21, 23) are hereby **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 18 day of July, 2011.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White;
Juan Ramon Quinones, *pro se*
Reg. No. 72619-004
FCI - Ray Brook
P.O. Box 9002
Ray Brook, NY 12977-9002